**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENA KELLY, ) | NO. CV 09-06349 SS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**I.**

**INTRODUCTION**

On September 3, 2009, Gena Kelly ("Plaintiff"), then represented by counsel, filed this action seeking to overturn the decision of the Commissioner of the Social Security Administration ("Defendant") denying her application for Supplemental Security Income. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge.

On September 4, 2009, the Court issued an Order Regarding Further Proceedings directing Defendant to file an Answer to the Complaint by January 28, 2010. On February 23, 2010, the Court issued an Order To Show Cause why this action should not be dismissed for Plaintiff's failure to prosecute because Defendant had failed to file an Answer and Plaintiff had not filed a Motion for Default or otherwise caused this case to move forward. The Order to Show Cause required Plaintiff to file a response by March 9, 2010 and "explicitly cautioned that failure to respond . . . [would] result in the dismissal of this case for failure to prosecute."

On March 29, 2010, Plaintiff's counsel filed a Motion to Withdraw As Attorney of Record. On April 13, 2010, the Court granted the Motion to Withdraw and ordered Plaintiff to "enter a Notice of Appearance for newly retained counsel or . . . file a notice with the Court that she intends to proceed in pro per" by April 23, 2010. As of today, Plaintiff has failed to respond to the February 23, 2010 Order to Show Cause and has failed to either file a Notice of Appearance for newly retained counsel or filed a notice that she intends to proceed in pro per. Further action cannot be taken in this matter without Plaintiff's participation. Therefore, the Court finds that dismissal of this action with prejudice is appropriate for failure to prosecute and failure to comply with court orders, pursuant to Federal Rule of Civil Procedure 41(b).

\\

\\

\\

## II.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to sua sponte dismiss actions for failure to prosecute or to comply with court orders. See Link v. Wabash R.R., 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Dismissal, however, is a harsh penalty and is to be imposed only in extreme circumstances. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). In considering whether to dismiss an action for failure to prosecute or to comply with a court order, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); see also Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992) (applying the factors in reviewing the dismissal of a social security case).

\\
\\
\\
\\
\\
\\

**A.    The Five Factors Supporting Dismissal**

**1.    Expeditious Resolution And The Court's Need To Manage Its Docket**

In the instant action, the first two factors -- public interest in expeditious resolution of litigation and the need to manage the Court's docket -- weigh in favor of dismissal.  The Court advised Plaintiff that she needed to respond to the February 23, 2010 Order to Show Cause and "explicitly cautioned that failure to respond . . . [would] result in the dismissal of this case for failure to prosecute."  On April 13, 2010, the Court further directed Plaintiff to either file a Notice of Appearance of newly retained counsel or file a notice with the Court that she intends to proceed in pro per by April 23, 2010.  Plaintiff, however, has failed to respond to either directive.  There is no evidence before the Court that Plaintiff did not receive the Court's orders.  Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

**2.    The Risk Of Prejudice To Defendant**

The third factor -- prejudice to Defendant -- also counsels in favor of dismissal.  The prejudice to a defendant simply from the pendency of a lawsuit is insufficient, on its own, to warrant dismissal.  See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).  The risk of prejudice, however, is related to the plaintiff's reason for

4

defaulting. Pagtalunan, 291 F.3d at 642 (citing Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)).

Plaintiff has not offered any excuse for her failure to respond to the Court's orders. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. Yourish, 191 F.3d at 991-92. Here, Plaintiff has offered no excuse for failing to respond to Court orders and therefore the "prejudice" element favors dismissal.

### 3. Less Drastic Alternatives

The fourth factor -- the availability of less drastic sanctions -- ordinarily counsels against dismissal. The Court has, however, attempted to avoid outright dismissal by explicitly warning Plaintiff of her obligation to respond on February 23, 2010 and again ordering Plaintiff to file a response on April 13, 2010. The Court has, therefore, explored meaningful alternatives to dismissal. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted). Sanctions other than dismissal do not appear to be appropriate given that Plaintiff has failed to participate in her own litigation.

### 4. Public Policy Favoring Disposition On The Merits

The fifth factor -- public policy favoring disposition of cases on their merits -- also ordinarily weighs against dismissal.

Notwithstanding this policy, it is the responsibility of the moving party to move toward that disposition at a reasonable pace and to refrain from dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having ample time. Under these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to respond to Court orders in the given time frame.

**B.  Dismissal Of This Action Is Warranted**

In view of the foregoing, the Court concludes that dismissal of this action is warranted under Rule 41(b), which states in pertinent part:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The Court dismisses this action on the basis of Plaintiff's failure to prosecute and obey court orders. Accordingly, this case does not fall into one of the three exceptions noted above and consequently, the dismissal will operate as an adjudication on the merits. The dismissal will thus be with prejudice to Plaintiff's refiling of a new action in federal court based on the same allegations. See Stewart v. U.S.

Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (dismissal for failure to prosecute is treated as an adjudication on the merits) (citing United States v. Schimmels (In re Schimmels), 127 F.3d 875, 884 (9th Cir. 1997)).

## III.

## CONCLUSION

Plaintiff was advised in the Court's February 23, 2010 Order to Show Cause about the possibility of dismissal of this action in the event of a failure to file a response. However, she has failed to comply with the Court's orders and has failed to participate in her own litigation.

Consistent with the foregoing, IT IS ORDERED that Judgment be entered DISMISSING this action with prejudice. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on Plaintiff at her current address of record and on counsel for Defendant.

DATED: April 27, 2010

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE